■ ALFONSO T. BARBARO, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Edward H. Lehner, J.), entered June 11, 1990, which granted petitioner's application and directed the respondent Retirement System to pay petitioner a vested retirement allowance, is unanimously reversed, on the law, said order and judgment vacated and the petition dismissed, without costs.

Petitioner was appointed to the New York City Department of Sanitation (DOS) on August 10, 1970. He became a member of the New York City Employees' Retirement System (NYCERS) on August 12, 1970. On July 19, 1989, petitioner filed with NYCERS a form entitled "APPLICATION FOR DEFERRED RETIREMENT ALLOWANCE FOR THE UNIFORMED FORCE OF THE DEPARTMENT OF SANITATION WHO DISCONTINUE SERVICE ON OR AFTER JULY 1, 1984 OTHER THAN BY DEATH, RETIREMENT OR DISMISSAL". Said form listed August 18, 1989, as the date of discontinuance of service. Petitioner informed DOS that his intended resignation would be effective on August 18, 1989.

On August 10, 1989, a hearing was held by DOS following the imposition of various charges against the petitioner. Said petitioner was absent, but a determination was made by the Hearing Officer that petitioner had failed to establish that he was unable to appear. Following the introduction of evidence, the Hearing Officer found petitioner guilty of several instances of soliciting and receiving unlawful payments and recommended dismissal. Her report and recommendation were dated August 15, 1989. On August 17, 1989, the Commissioner of DOS approved the recommendation and notice was sent to the petitioner on that date.

Following notification to petitioner that his application for Deferred Retirement Allowance had been denied, he brought an action pursuant to CPLR article 78 alleging that his discharge had not occurred prior to the effective date of his resignation, August 18, 1989, and that he should receive a retirement allowance. A hearing was held by the motion court following which the petition was granted.

Administrative Code of the City of New York § 13-173.1 provides that a uniformed sanitation worker is eligible for a vested retirement allowance if he (1) has fifteen or more years of sanitation service; (2) is a sanitation worker in city service at the time of discontinuance; (3) discontinues city service other than by death, retirement or dismissal; and (4) files an application with NYCERS at least thirty days prior to the date of his discontinuance.

Here petitioner had to be dismissed by August 18, 1989, that is, thirty days from July 19, 1989, or his retirement allowance vested. We conclude that the motion court erred in holding that the effective date of discharge for purposes of Administrative Code § 13-173.1 was the same as the date on which the time to appeal commenced to run pursuant to Civil Service Law § 76 (1). Said section of the Civil Service Law says nothing about the effective date of discharge. Civil Service Law § 76 (1) reads as follows:

"Appeals from determinations in disciplinary proceedings

"1. Appeals. Any officer or employee believing himself aggrieved by a penalty or punishment of demotion in or dismissal from the service, or suspension without pay, or a fine, or an official reprimand, unaccompanied by a remittance of said officer or employee's prehearing suspension without pay, imposed pursuant to the provisions of section seventy-five of this chapter, may appeal from such determination either by an application to the state or municipal commission having jurisdiction, or by an application to the court in accordance with the provisions of article seventy-eight of the civil practice law and rules. If such person elects to appeal to such civil service commission, he shall file such appeal in writing within twenty days after service of written notice of the determination to be reviewed, such written notice to be delivered personally or by registered mail to the last known address of such person and when notice is given by registered mail, such person shall be allowed an additional three days in which to file such appeal."

Here petitioner's dismissal occurred on August 17, 1989, when the Commissioner signed the termination. Concur—Sullivan, J. P., Wallach, Smith and Rubin, JJ. [*See,* 147 Misc 2d 226.]